UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 01-cv-02168-MSK

CAREY A. GRIFFIN,

       Petitioner,

v.

ROBERT FURLONG, and
ATTORNEY GENERAL OF THE STATE OF COLORADO,

       Respondents.
_____

## OPINION AND ORDER DENYING MOTION TO REOPEN CASE
_____

**THIS MATTER** comes before the Court pursuant to the Petitioner's *pro se* Motion to Reopen Case **(# 30)**. The Petitioner commenced this action seeking a writ of *habeas corpus* in 2001 **(# 3)**. On May 14, 2003, the Magistrate Judge recommended **(# 17)** that certain claims in the Petition be denied. On July 25, 2003, while his Objections to that Recommendation were pending, the Petitioner moved to dismiss **(# 21)** the remaining claims without prejudice, expressing a recognition that those claims were exhausted and an intention to exhaust those claims in state court. By Order **(# 23)** dated March 22, 2004, Judge Nottingham adopted the Magistrate Judge's Recommendation and granted the Petitioner's motion, thus disposing of all claims in this action.

On April 2, 2004, the Petitioner moved for reconsideration **(# 25)** of the March 22, 2004 Order. By Order **(# 25)** dated March 27, 2005, Judge Nottingham denied the motion for reconsideration. The Petitioner did not appeal either the March 22, 2004 substantive Order or the denial of the motion for reconsideration.

Several years passed, and on November 4, 2008, the Petitioner filed the instant Motion to Reopen Case **(# 30)**. That motion, prompted by Judge Nottingham's resignation, alleges that Judge Nottingham "did not give [the Petitioner] a fair review," and speculates that he "was coming off of any drugs while making determinations in [the Petitioner's] case." The remainder of the motion recites unrelated issues in which the Petitioner has been charged by state authorities with failing to register as a sex offender. The motion concludes with a statement that "I would like a new judge and I am asking the Court to dismiss this case."[1]

In considering the Plaintiff's filings, the Court is mindful of his *pro se* status, and accordingly, reads his pleadings liberally. *Haines v. Kerner,* 404 U.S. 519, 520-21 (1972). However, such liberal construction is intended merely to overlook technical formatting errors and other defects in the Plaintiff's use of legal terminology and proper English. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). *Pro se* status does not relieve the Plaintiff of the duty to comply with the various rules and procedures governing litigants and counsel or the requirements of the substantive law, and in these regards, the Court will treat the Plaintiff according to the same standard as counsel licensed to practice law before the bar of this Court. *See McNeil v. U.S.*, 508 U.S. 106, 113 (1993); *Ogden v. San Juan County*, 32 F.3d 452, 455 (10th Cir. 1994).

Having reviewed the Petitioner's motion, the Court finds nothing therein that would warrant reopening this case. The Petitioner points to nothing in the substance of Judge Nottingham's prior Orders that is allegedly incorrect, nor does he explain why he did not take a timely appeal to obtain review of any such defects. In addition, to the extent the Court treats the

---

[1] In light of the recitation, it is not clear whether these requests seek a new judge and dismissal of the state court proceedings for failure to register or dismissal of the case in this Court.

motion as one seeking relief from the order of dismissal under Fed. R. Civ. P. 60(b), the Court finds that the Petitioner has not shown that waiting more than 3 years to seek further review of the case was reasonable, making the motion untimely under Rule 60(c)(1). Accordingly, the motion **(# 30)** is **DENIED**.

Dated this 2nd day of June, 2009

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge